**BOOKER, Appellant,**

**v.**

**REVCO DS, INC., et al., Appellees.**

[Cite as *Booker v. Revco DS, Inc.* (1996), 113 Ohio App.3d 540.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70049.

Decided Aug. 19, 1996.

*John E. Duda* and *Julianne E. Hood,* for appellant.

*Hahn, Loeser & Parks, Andrew S. Pollis* and *Steven W. Albert,* for appellees.

---

*Per Curiam.*

Plaintiff-appellant, Ramona V. Booker, appeals the summary judgment in favor of defendant-appellee, Revco DS, Inc., and she assigns the following error for our review:

"I.   The trial court erred in granting defendant-appellee's motion for summary judgment because plaintiff provided appropriate evidence to withstand summary judgment and demonstrated that there exists an issue of fact in this case as to whether defendant-appellee breached its duty of care to Ms. Booker.

"II.   The trial court decision granting defendant-appellee's motion to exclude plaintiff-appellant's expert's testimony at trial was arbitrary and capricious and therefore, should be reversed."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we reverse the judgment of the trial court and remand this cause for trial.  The apposite facts follow.

On October 1, 1992 at approximately 4:30 p.m., Booker entered Revco drugstore to get a prescription refilled.  The store was located at 4051 Lee Road, in a strip mall near the corner of Harvard and Lee roads in the city of Cleveland.

At the time, Booker was seventy-four years of age, had previously had heart and knee surgery, and used a cane for walking.  The entrance to the Revco included two sets of doors, each set included one door for ingress and one for egress, and the two sets of doors were separated by a small vestibule.  She described the two doors leading into the store as "heavy."  Next to the interior set of doors on the inside of the store there were electronic antitheft devices with short coils between the antitheft devices and the doors.  Normally, when Booker went to the drugstore, her daughter would accompany her, or someone else would help her open the doors.

On this particular day, she tried to get through the doors herself.  She used both hands and let her cane drag while she pushed through the first door.  She put her cane down as she pushed through the second door, which she described as "much heavier" and harder to open because it closed faster.  As she opened the second door, she put her cane down to go through and "the cane got caught in the part where the coil was, instead of in front of it."  Consequently, she fell and injured her chest and her knee.

Booker filed a complaint against Revco DS, Inc. and Sensormatic Distributors, Inc. alleging that Revco negligently created and maintained a dangerous condition on its premises and both defendants negligently installed and placed the antitheft device.

On May 24, 1995, the trial court conducted a case management conference and issued an order with the following schedule: "Plaintiff expert report due July 3, 1995, Defendant expert report due September 1, 1995, Discovery cut-off September 18, 1995, Final Pretrial set September 21, 1995, and Trial set October 5, 1995."

On July 18, 1995, Booker's counsel filed a motion for enlargement of time until September 1, 1995 to file plaintiff's expert report. Plaintiff's expert report was sent to counsel for Revco and Sensormatic on August 7, 1995. The motion for enlargement of time was denied.

Revco moved to exclude the trial testimony of plaintiff's expert, Edward Swick, and separately moved for summary judgment. Booker filed a brief in opposition to summary judgment and included Swick's affidavit. Swick was a licensed architect. He averred that the swing of the doors at Revco was not in compliance with the Ohio Building Code or the Americans with Disabilities Act Accessibility Guidelines as required by the Ohio Building Code. Ultimately, he averred that the "conditions [of the door] were a cause of the accident in question." Both motions were granted. By agreement, the parties dismissed all claims against Sensormatic with prejudice, and this appeal followed.

This court will address the second assignment of error first because it raises the question of whether the expert opinion was properly before the trial court for purposes of ruling on the motion for summary judgment. In its second assignment of error, Booker argues the trial court erred in denying its motion for enlargement of time to comply with discovery deadline for providing plaintiff's expert witness report.

Loc.R. 21(I)(D)(4) of the Cuyahoga County Common Pleas Court provides: "A definite date for exchange of expert witness reports shall be determined pursuant to Rule 21.1." Loc.R. 21.1(I)(A) provides: "[E]ach counsel shall exchange with all other counsel written reports of medical and expert witnesses expected to testify in advance of trial. The parties shall submit expert reports in accord with the time schedule established at the Case Management Conference. * * * Upon good cause shown, the court may grant the parties additional time within which to submit expert reports."

Under these rules, "the trial court had discretion to set a deadline by which expert reports had to be filed, and to enforce its order by excluding all testimony relating to reports filed past the deadline." *Paugh & Farmer, Inc. v.*

*Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 45–46, 15 OBR 142, 143, 472 N.E.2d 704, 706 (construed prior Loc.R. 21), followed in *Pang v. Minch* (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Trial courts have "discretion to determine whether parties are in compliance with local rule on discovery regarding expert witnesses, and their orders will not be reversed absent affirmative showing of an abuse of discretion." *Krantz v. Schwartz* (1992), 78 Ohio App.3d 759, 605 N.E.2d 1321, at paragraph three of the syllabus (Cuyahoga C.P.Loc.R. 21.1, construed). See, also, *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1 (held trial court has "broad discretion" when imposing discovery sanctions under Loc.R. 21.1).

■ In this case, the trial court's deadline for plaintiff's expert report was July 3, 1995. Counsel for Booker moved for an enlargement of time to file her expert's report on July 18, 1995. In her affidavit, she stated that Edward Swick was the expert who inspected Revco's premises. She also stated that his final report would require results from an independent laboratory report in order to measure the force necessary to open the Revco doors and that the testing would take sixty days. Finally, she indicated that plaintiff's expert reports would be completed on or before September 1, 1995.

Booker's motion for an enlargement of time and the supporting affidavit provide evidence of "good cause" within the meaning of Loc.R. 21.1. The discovery cut-off date was September 18, 1995, and the original trial date was not until October 5, 1995. Furthermore, while Booker requested an enlargement of time until September 1, 1995, she provided her expert's report to defense counsel on August 7, 1995.

Under these circumstances, it was unreasonable for the trial court not to allow Booker an enlargement of time to file her expert's report. Plaintiff's expert report would only have been one month late and, possibly, would not have disrupted the trial court's schedule. Accordingly, we conclude that it was an abuse of discretion to deny Booker's motion for enlargement of time, and we reverse the decision of the trial court excluding plaintiff's expert report.

■ In her first assignment of error, Booker argues that the trial court erred in granting summary judgment in favor of Revco. Booker makes two arguments against summary judgment. In her first argument, she reasons that summary judgment was improper because expert testimony provided sufficient evidence to withstand summary judgment. An expert report may properly be excluded for purposes of summary judgment where it has been excluded for trial as a

discovery sanction. *Clarke v. Cleveland Clinic Found.* (July 7, 1994), Cuyahoga App. No. 65749, unreported, 1994 WL 326061. However, because we find that the trial court abused its discretion in excluding plaintiff's expert report, we also find that the trial court should have considered the report when ruling upon summary judgment.

In her second argument, plaintiff reasons that there were genuine issues of material fact as to whether Revco breached its duty of care. The standard of review for an appeal from summary judgment is set forth in Civ.R. 56, and we evaluate the record according to Civ.R. 56. Civ.R. 56 specifically provides that before summary judgment may be granted it must be determined that "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 270; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Doubts must be resolved in favor of the nonmovant. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 140. Under Civ.R. 56(E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

The elements of an action for negligence are the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. *E.g., Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616.

"[It is a] well-established rule that the possessor of premises owes a duty to an invitee to exercise ordinary or reasonable care for his or her safety and protection. This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47–48, 550 N.E.2d 517, 519 (held that defective nature of steps did not rise to the level of unreasonably dangerous).

In this case, Booker filed a complaint alleging that Revco "negligently created and maintained an unreasonable hazard * * *." In order to enter the Revco Drugstore, Booker had to go through two "heavy" doors and keep her balance

with her cane at the same time. She pushed through the first door and allowed her cane to drag. There was more tension on the second door than the first, so she put her cane down to push through it. After she pushed open the second door, she picked up her cane and put it down inside the store in order to get through it before the tension on the door caused it to close. As she put her cane down, it was caught in the coil of the Sensormatic antitheft device, causing her to fall and injure herself.

The first issue is whether Revco had a duty to move the coil and decrease the tension on the door to make entrance to the store safer, or a duty to warn invitees of the potential hazard. Revco argues it had no duty because the hazard was open and obvious.

"The 'open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, [42 O.O.2d 96, 233 N.E.2d 589] at paragraph one of the syllabus; *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203 [18 OBR 267, 480 N.E.2d 474]. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Sidle, supra.*" *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504, 506. See, also, *Soc. Natl. Bank v. Italian Made, Inc.* (Aug. 18, 1994), Cuyahoga App. No. 66169, unreported, 1994 WL 449416.

The photographs of the entrance to the store, plaintiff's Exhibits 1, 2, and 3, reveal that the coil on the antitheft device was immediately inside the second door adjacent to the doorway. Although the coil was visible from inside the store, an invitee's view of the coil upon entering the store was obstructed by the door itself; therefore, a person entering would not see the coil until he or she was actually going through the door.

Furthermore, the tension on the door violated Ohio Building Codes and the Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S. Code. The excessive tension on the door required business invitees to apply a great deal of pressure to the door to open and get through it. When Booker attempted to get through the door, so much pressure was required that she was distracted when she went to put her cane down to walk through the door.

When the pressure required to get through Revco's doors and the placement of the coil from the antitheft device are considered together, it is clear that entering Revco's store had its potential hazards. Because the tension on the door was a distraction, and a clear view of the coil from the vestibule was obstructed, the coil

was not open and obvious to business invitees entering the store. Consequently, it was not an open and obvious danger which business invitees ought to have discovered themselves. Therefore, Revco had a duty to reduce the tension on the door and remove the coil, or warn business invitees about the hazard.

■ The second issue is whether Revco breached its duty of care. After reviewing Booker's deposition and plaintiff's exhibits, we find no evidence that Revco took any action to warn business invitees of the hazard created by the coil to the antitheft device. Therefore, there can be no dispute that Revco breached its duty of care.

■ The third issue is whether Revco's breach was the proximate cause of Booker's fall. Revco argues that the cause of Booker's fall was not established, because Booker testified in deposition that she did not know the cause of her fall. Although Booker admitted that she did not know the cause of her fall at the time of the accident, she knew that it was related to her difficulty opening the store door. She also testified quite clearly that "the cane got caught in the part where the coil was, instead of in front of it." Notwithstanding, when Booker realized that the coil was the cause of her accident, she did testify that the coil was, in fact, the cause of her accident. Accordingly, her testimony raised a question of fact as to whether the coil was the cause of her accident.

The fourth and final issue is whether harm resulted from the breach of a duty of care. In this case there is no dispute that Booker suffered injuries to her chest and knee. Although Revco presented evidence that Booker had recuperated from her injuries and was back to her "baseline status," she was, nonetheless, injured by her fall.

After viewing all of the evidence most strongly in favor of Ramona Booker, we find that reasonable minds could not come to but one conclusion, and, therefore, summary judgment should not have been granted. Accordingly, the trial court's judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON, P.J., NAHRA and PATTON, JJ., concur.