[Cite as *Gruss v. Old Navy*, 2011-Ohio-1811.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95789**

---

## MARGARET K. GRUSS, ON HER OWN BEHALF AND ON BEHALF OF HER MINOR CHILD, COLETTA GRUSS

PLAINTIFFS-APPELLANTS

vs.

## OLD NAVY AND OLD NAVY RETAIL STORE, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
**REVERSED AND REMANDED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704363

**BEFORE:**  Kilbane, A.J., Sweeney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  April 14, 2011

## ATTORNEY FOR APPELLANTS

Kevin H. Cronin
The Brownhoist Building
4403 Saint Clair Avenue
Cleveland, Ohio 44103

## ATTORNEYS FOR APPELLEES

### For Old Navy

Michael J. Valentine
Zachary B. Pyers
Reminger Co., L.P.A.
65 East State Street - 4th Floor
Columbus, Ohio 43215

### Also send to

Avon Commons
35970 Detroit Road
Avon, Ohio    44011

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Plaintiffs-appellants, Margaret Gruss, individually and on behalf of her minor daughter, Coletta Gruss, appeals from the order of the trial court that awarded summary judgment to defendants-appellees, Old Navy and Old Navy Retail Store (Old Navy), in plaintiffs' action for personal injuries sustained during Coletta's entrance to the Avon Commons Old Navy Department Store.   For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

{¶ 2}   On September 18, 2009, plaintiff filed this complaint against Old Navy and Avon Commons[1] and alleged in relevant part as follows:

{¶ 3}   "On September 30, 2007, Coletta Gruss, minor daughter of Margaret Gruss, was injured while entering the Old Navy Retail Store at Avon Commons.   The heavy doors opened unevenly sticking and dragging the door over the exposed toes of Coletta's [foot]."

{¶ 4}   Plaintiffs asserted claims for negligence and punitive damages.

{¶ 5}   Old Navy denied liability.   On April 15, 2010, Old Navy moved for summary judgment and maintained that the alleged hazard was open and obvious, that Old Navy had no knowledge of the alleged hazard, and that there was no basis for the award of punitive

---

[1]October 19, 2009, service upon "Avon Commons" was returned "attempted - not known." Plaintiff was granted a default judgment on June 3, 2010.

damages. In support of the motion, defendant relied upon the following excerpts from

Coletta Gruss's deposition:

"Q. So tell me what happened then, walk me through to the best of your recollection as to what took place?

* * *

A. * * * I had gone to open the left door across from my chest and it seemed irregularly heavy. And then I had realized that the right door was slightly over top of it, overlapping that door. So then I just reached for the right door and then I ripped over my toe and I proceeded to walk into the store.

* * *

Q. And you said that you felt that the door seemed to you to be unusually heavy for some reason, is that right?

A. Yes.

* * *

Q. And then you said that — did you then try to open up the right door?

A. Yes, I then opened up the right door.

* * *

Q. [W]hat was it about the right door that caused injury to your toe?

* * *

A. The defect of the doors were that instead of closing together evenly, the right one was overlapping the left one causing it to be so irregularly heavy.

Q. So was the right one overly heavy?

A. No, the left one was overly heavy.

Q. But the right one was the one that you actually —

A. The weight of the right door was on top of the left door.

Q. But you tried the left door and you said that it was overly heavy.

A. Yes, because the weight of the right door was on top of it.

Q. And then after you tried the left door because of the weight of that you said that you tried — that you actually opened up the right door, is that right?

A. Yes.

* * *

Q. The right door was not overly heavy, is that correct?

A. No, the right one opened with great ease.

Q. Were you looking down to see where your toes were positioned in relation to the bottom of the door?

A. I would say I didn't check my toes first, no."

{¶ 6} On May 5, 2010, plaintiffs filed a brief in opposition in which they asserted that the open-and-obvious doctrine is inapplicable to this matter because it involved hidden defects, i.e., misaligned doors that were"unusually heavy" and difficult to open. In support of their

brief in opposition, plaintiffs provided an affidavit from Margaret Gruss that provided in relevant part as follows:

**{¶ 7}** "A heavy entrance door which was apparently stuck and opened unevenly, dragged the metal door over the exposed toes of Coletta's foot."

**{¶ 8}** Plaintiffs also provided the following excerpt from Coletta's affidavit:

**{¶ 9}** "A heavy entrance door, which was stuck, opened unevenly, dragging across my foot."

**{¶ 10}** On May 17, 2010, Old Navy filed a reply to the brief in opposition/ motion to strike. In this document, Old Navy complained that Margaret Gruss's affidavit contradicted her previous testimony in deposition that she did not see what had happened to Coletta's foot. Old Navy additionally complained that Coletta's affidavit contradicted her previous deposition testimony that she did not look down before opening the door, and she did not know that she was opening the door over her foot.

**{¶ 11}** On August 10, 2010, plaintiffs filed a supplemental brief in opposition to Old Navy's motion for summary judgment in which they asserted that work orders for the doors demonstrate that Old Navy had notice that the doors were not operating properly prior to Coletta's injury.

{¶ 12} In relevant part, the work orders state:

{¶ 13} "The 2nd set of doors in the vestibule are really hard to open. There is a lot of air in this area that makes it hard to open the doors." The doors were then rehung and realigned in March 2007.

{¶ 14} A second work order stated:

{¶ 15} "The lock on the non-herculite door will not secure. The door that does not have the turn knob has to be lifted so that it is aligned with the other door. The latch will not pop up either. Store will not be able to secure for the night." The door was then realigned and readjusted, and the lock was reset. The trial court subsequently granted Old Navy's motion for summary judgment and noted as follows: "The two work orders submitted in plaintiffs' supplemental brief fail to establish that the defendants had notice of the alleged hazard."

{¶ 16} Plaintiffs now appeal, assigning the following error for our review:

**"The trial court erred in approving Old Navy's Motion for Summary Judgment, which stressed the conduct of the minor plaintiff in approaching an 'open and obvious' risk of injury, rather than the objective nature of the 'open and obvious' risk itself that gave rise to the injury."**

{¶ 17} With regard to procedure, we review the grant of summary judgment de novo using the same standards as the trial court. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684. A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates

that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., *Vahila v. Hall*, 77 Ohio St.3d 421, 429-30, 1997-Ohio-259, 674 N.E.2d 1164.

{¶ 18} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Vahila*.

{¶ 19} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); *Harless*. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. *Vahila*. Summary judgment, if appropriate, shall be entered against the nonmoving party. *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.

{¶ 20} With regard to the substantive law, we note that in order to establish a claim of negligence, a plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. Thus, it is incumbent upon the plaintiff to identify a negligent act or omission. *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040.

{¶ 21} Further, as to the issue of duty, it is well settled that a shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. Generally, the plaintiff may establish the breach of duty in a premises liability case where (1) the defendant, through its officers or employees, was responsible for the hazard complained of; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) such danger existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. *Smith v. Frederick C. Smith Clinic,*189 Ohio App.3d 473, 2010-Ohio-4548, 939 N.E.2d 192.

{¶ 22} When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. *Best Buy Co.,* citing *Sidle v.*

*Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589. In accordance with the open-and-obvious rule, there is no obligation to protect the invitee against dangers that are known to him, or that are so obvious and apparent to him that he may reasonably be expected to discover them. *Humphrey.* As explained in *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504:

{¶ 23} "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."

{¶ 24} In *Booker v. Revco DS, Inc.* (1996), 113 Ohio App.3d 540, 681 N.E.2d 499, this court held that excessive tension on doors that required a great deal of pressure to open was not an open and obvious danger that the plaintiff business invitees should have discovered. This court stated:

> "The excessive tension on the door required business invitees to apply a great deal of pressure to the door to open and get through it. When Booker attempted to get through the door, so much pressure was required that she was distracted when she went to put her cane down to walk through the door.
>
> When the pressure required to get through Revco's doors and the placement of the coil from the antitheft device are considered together, it is clear that entering Revco's store had its potential hazards. Because the tension on the door was a distraction, and a clear view of the coil from the vestibule was obstructed, the coil was not open and obvious to business invitees entering the store. Consequently, it was not an open and obvious danger which business invitees ought to have discovered themselves. Therefore, Revco had a duty

**to reduce the tension on the door and remove the coil, or warn business invitees about the hazard."**

{¶ 25} Likewise, in this matter, we conclude that the defect at issue was not open and obvious. The deposition of Coletta Gruss[2] established that the left door was overly heavy, and the weight of the right door was on top of the left door. Coletta then tried opening the right door, which opened with great ease. As in *Booker*, the greater than anticipated amount of force needed to open the left door was a distraction that misled Coletta as to the amount of force needed to open the right door. It was then unexpected that the right door would open with much less force, leaving little time to clear the path of the door after opening it. The defects are not so obvious and apparent that invitees would reasonably be expected to discover them as a matter of law.

{¶ 26} The trial court erred in granting summary judgment in favor of Old Navy. The assignment of error is well taken.

{¶ 27} Judgment is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]Because we conclude that the deposition of Coletta Gruss was sufficient to demonstrate that the defect was not open and obvious as a matter of law, we will not address the issue raised by Old Navy as to whether plaintiffs improperly submitted affidavits that contradicted former deposition testimony in order to create a genuine issue of material fact to defeat the motion for summary judgment.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY