OPINION
{¶ 1} Appellants Jana and James Hupp ("appellants") appeal the decision of the Delaware County Court of Common Pleas that granted Appellee Meijer Stores Limited Partnership's ("Meijer") motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On the date of the injury, October 27, 2003, Appellant Jana Hupp was shopping at Meijer, on Polaris Parkway, with her three-year-old daughter. At the time, appellant lived in Wooster, Ohio, but previously resided in Westerville and had shopped at this particular store on numerous occasions. Appellant stopped at the store, on her way home to Wooster, after visiting family in the Columbus area. Appellant went to Meijer for the specific purpose of purchasing an area rug.
 {¶ 3} After selecting a rug, appellant removed it from a shelf and bent down to place it on the bottom of the shopping cart. As she was bent over, another rug, which was located on a shelf to the left of the shelf from which she had removed the rug, fell approximately three to four feet and struck her in the neck. Meijer displays its area rugs in a vertical fashion on shelves of varying heights. On each shelf there are a number of rows of rugs which are divided by metal separators. The rug that fell on appellant was not in physical contact with the rug she removed from the display. Appellant could only speculate the display shelves had shaken when she removed her merchandise and caused the other rug to fall.
 {¶ 4} On November 19, 2004, appellants filed a complaint, against Meijer, alleging negligence and loss of consortium. The matter proceeded through discovery and Meijer filed a motion for summary judgment on June 14, 2005. The trial court granted Meijer's motion for summary judgment on July 11, 2005. The trial court determined appellants failed to present any evidence establishing Meijer's acts or omissions were responsible for the accident, or that Meijer knew or should have known the rug display was a hazard about which it had a duty to warn Appellant Jana Hupp.
 {¶ 5} Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED IN SUSTAINING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 I {¶ 7} In their sole assignment of error, appellants maintain the trial court erred when it granted Meijer's motion for summary judgment. We disagree.
 {¶ 8} Our standard of review is de novo, and as an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-412.
 {¶ 9} Civ.R. 56 provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280, 293.
 {¶ 12} In its judgment entry granting Meijer's motion for summary judgment, the trial court concluded appellants failed to produce any evidence that affirmatively demonstrated that Meijer knew or should have known that the rug display was a hazard against which Meijer had a duty to warn Appellant Jana Hupp. Motion for Summary Judgment, July 11, 2005, at 3. Appellants maintain that in reaching this conclusion, the trial court applied a stricter standard, for which appellants must comply, than is required by the case law. Appellants also contend that because Jana Hupp does not know what caused the rug to fall from the shelf, an issue of material fact exists as to whether Meijer breached its duty of ordinary care.
 {¶ 13} In Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, the Ohio Supreme Court explained a shopkeepers duty that is owed a business invitee. In doing so, the Court stated as follows:
 {¶ 14} "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Campbell v. Hughes ProvisionCo. (1950), 153 Ohio St. 9, * * *. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' Sidle v. Humphrey (1968),13 Ohio St.2d 45, * * *, paragraph one of the syllabus." Id. at 203-204.
 {¶ 15} Based upon the standard set forth in Paschal, we reject appellants' argument that the trial court improperly applied a stricter standard. Appellants argue the trial court required that they prove their case in order to defeat a motion for summary judgment. The trial court did not require appellants to prove their case. Rather, the trial court concluded appellants failed to present sufficient evidence to refute Meijer's argument, on summary judgment, that the rug display was not a hazard and therefore, Meijer's had no duty to warn. Once the burden shifted to appellants, they had to come forward with some evidence establishing the requisite standard of care.
 {¶ 16} Appellants offered no expert testimony as to the industry standard nor was there any evidence of prior accidents that would have put Meijer on notice of a potential danger. Appellants also did not attempt to prove that Meijer could have made the rug display safer by strapping down the merchandise or through the use of warnings to customers. As such, appellants did not meet their burden and the standard applied by the trial court was proper.
 {¶ 17} Appellants next maintain that because they do not know or cannot explain what caused the rug to fall off the display shelf, the failure of an explanation creates an issue as to whether Meijer breached its duty of ordinary care. Thus, appellants conclude Meijer did not meet its burden, under Civ.R. 56(C), and therefore, the burden did not shift to them to advance facts to support their argument that Meijer breached its duty of care. The fact that Meijer cannot explain why the rug fell from the shelf is irrelevant. Meijer only breached its duty of care if it exposed Jana Hupp to an unnecessary and unreasonable danger. There is no evidence in the record to support the conclusion that Meijer exposed Appellant Jana Hupp to such a danger.
 {¶ 18} Finally, appellants contend the open and obvious doctrine does not apply. This doctrine "* * * states that a premise-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, * * *, paragraph one of the syllabus. The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 644. * * * When applicable, * * * the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5.
 {¶ 19} In support of this argument, appellants refer to the deposition testimony of Jana Hupp where she testified that she did not observe anything regarding the display of the rugs that made her think the display was unsafe or dangerous. Deposition Jana Hupp at 32. We believe otherwise based upon our review of the photographs contained in the record. Instead, we find a reasonable person would have appreciated the danger inherent in removing merchandise from the display shelf. Thus, Appellant Jana Hupp should have been aware of the danger and should have taken steps to avoid the danger. Accordingly, we conclude that the danger associated with removing merchandise from the rug display shelf constituted an open and obvious danger relieving Meijer from the duty to warn its invitees.
 {¶ 20} Appellants' sole assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., concurs.
Hoffman, J., dissents.