OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellants, Cornell and Fred McGee, appeal the decision of the Jefferson County Court of Common Pleas granting summary judgment in favor of Appellee, Lowe's Home Centers, Inc. With this appeal, the McGees challenge the trial court's grant of summary judgment claiming that there remained genuine issues of material fact regarding whether the display of pre-cut vinyl sheet flooring which allegedly injured Cornell constituted an unreasonably dangerous condition. Because we conclude the nature of the display was open and obvious as a matter of law, we conclude the McGees' claim to be meritless and affirm the decision of the trial court.
 {¶ 2} On May 29, 2002, Cornell, and her sister Jean Castillo visited the Lowe's store located in Steubenville, Ohio. Cornell was remodeling her bathroom and was looking to purchase a roll of pre-cut vinyl sheet flooring. Cornell and Jean went to the area of the store where the flooring was displayed. The pre-cut vinyl sheet flooring that Cornell was looking through was on a display shelf as high as Cornell's shoulder. There was one bar across the display, which kept the pre-cut vinyl sheet flooring in the display standing upright. Cornell was looking through the display of pre-cut vinyl sheet flooring of different colors and styles by pushing the different flooring from side to side.
 {¶ 3} Cornell picked the pre-cut vinyl sheet flooring she was going to purchase, but had to lift the flooring up to get it off the display. Before Cornell retrieved the pre-cut vinyl sheet flooring she wanted, the display of flooring started to fall. The pre-cut vinyl sheet flooring in the display started "cascading out." The pre-cut vinyl sheet flooring slid under the bar on the display, which kept the flooring standing upright. As the pre-cut vinyl sheet flooring was falling, Cornell tried to get out of the way, but there was an immovable display case stacked with other merchandise directly behind her. Cornell could not get out of the way of the falling pre-cut vinyl sheet flooring. As the flooring was falling, Cornell tried to protect herself. However, the pre-cut vinyl sheet flooring hit her hand, pulling her shoulder and right arm down, and then it struck her foot and ankle causing her serious injuries.
 {¶ 4} Cornell and her husband Fred filed a complaint against Lowe's based upon *Page 2 
the injuries Cornell allegedly suffered as a result of this incident. Lowe's filed a motion for summary judgment and the McGees filed two affidavits in opposition. The trial court considered the evidence and granted judgment in favor of Lowe's.
 {¶ 5} As their sole assignment of error, the McGees claim that:
 {¶ 6} "The trial court erred in granting Appellee's motion for summary judgment when a genuine issue of material fact exists as to whether the linoleum roll display created an unreasonably dangerous condition."
 {¶ 7} Our standard of review is de novo, and as an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 506 N.E.2d 212. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. SeeBrown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412,599 N.E.2d 786.
 {¶ 8} Civ.R. 56 provides, in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue *Page 3 
of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164,1997-Ohio-259, citing Dresher v. Burt, (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264.
 {¶ 11} Here, Lowe's moved for summary judgment based upon several theories. First, Lowe's argued that the McGees could not produce evidence beyond inference or speculation of the precise condition that caused her injury. Second, Lowe's claimed that it owed no duty of care as the display of pre-cut vinyl sheet flooring in a vertical manner in a retail warehouse store setting was not an inherently dangerous condition. Third, Lowe's maintained that the danger associated with removing merchandise from a stacked display in a retail store is open and obvious. Fourth, Lowe's claimed that there was no evidence that Lowe's had any actual or constructive notice of a hazardous condition associated with the display. Fifth, Lowe's stated that the doctrine of assumption of the risk bars the McGees' claims. Finally, Lowe's asserted that Cornell's negligence was the sole proximate cause of her injuries.
 {¶ 12} In response to Lowe's motion for summary judgment, the McGees filed the affidavits of Frederika Barrett, Cornell's daughter who was also at Lowe's on the day of the incident, and of Jean Costillo. These affidavits merely reiterate what occurred at Lowe's on the day of the incident.
 {¶ 13} After reviewing Lowe's motion and the McGees' affidavits in opposition, the trial court granted Lowe's motion. The trial court explained that the evidence presented shows that the display was not inherently dangerous, that Lowe's did not have actual or constructive notice that the condition posed a risk of harm, or that the display was defective. Finally, the trial court explained that the condition of the display was open and obvious. We agree.
 Open and Obvious *Page 4 {¶ 14} No party disputes that Cornell was a business invitee on the premises of the Lowe's store. An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger, Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,204, 480 N.E.2d 474, and has the duty to warn its invitees of latent or hidden dangers. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,788 N.E.2d 1088, 2003-Ohio-2573, ¶ 5. Storeowners, however, are not insurers against all accidents and injuries to their business invitees.Paschal at 203, 480 N.E.2d 474. An owner's duty to warn its invitees of latent or hidden dangers only extends to conditions which the invitee, by the exercise of ordinary care, would not be expected to discover for himself. An owner is under no duty to protect a business invitee from dangers that are known to such invitee or are so obvious and apparent that he may be reasonably expected to discover them and protect himself against them. Id. at 203-204.
 {¶ 15} Thus, "[w]here the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."Armstrong at ¶ 14. The rationale behind this rule is that "the open and obvious nature of the hazard itself serves as a warning." Id. at ¶ 5,788 N.E.2d 1088. Open and obvious hazards are neither hidden from view nor concealed and are discoverable by ordinary inspection. Parsons v.Lawson Co. (1989), 57 Ohio App.3d 49, 50-51, 566 N.E.2d 698. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff * * * to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable."Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10.
 {¶ 16} Here, the condition in question would be the arrangement of the pre-cut vinyl sheet flooring placed on display. There are multiple pictures of the display in the record. Basically, these pictures show that there were varying lengths of pre-cut vinyl sheet flooring placed vertically on a shelf with only a bar to hold them up. It is clear from the pictures that the shorter lengths of pre-cut vinyl sheet flooring were just reaching the top of the bar and if moved a few inches to either side, it would be easy for them to fall off of the display. Thus, the precarious arrangement of the pre-cut vinyl sheet flooring was *Page 5 
neither latent nor hidden. Any reasonable shopper should have appreciated the risk associated with removing merchandise from the display given the nature of its location and the arrangement of the pre-cut vinyl sheet flooring.
 {¶ 17} Granted, no shopper particularly expects or desires to have a display come tumbling down on them while shopping in a store. However, in a warehouse self-help environment, there always remains a possibility that too much fumbling around through merchandise can create an unstable situation where items may become loose or shift positions. That is precisely what appears to have happened in this case. Because it was apparent from observing the display that manipulating some of the pre-cut vinyl sheet flooring could cause some of the shorter flooring to fall out of the display, it constituted an open and obvious danger relieving Lowe's from the duty to warn its invitees.
 {¶ 18} The Fifth District previously came to the very same conclusion when presented with almost identical facts in Hupp v. Meijer Stores Ltd.Partnerships, 5th Dist. No. 05 CAE 07-0047, 2006-Ohio-2051. InHupp, the appellant was shopping for a rug in a "self help" store, much like that described in the present case. After selecting a rug, the appellant removed it from a shelf and bent down to place it on the bottom of the shopping cart. As she was bent over, another rug, which was located on a shelf to the left of the shelf from which she had removed the rug, fell approximately three to four feet and struck her in the neck. Meijer displays its area rugs in a vertical fashion on shelves of varying heights. On each shelf there are a number of rows of rugs which are divided by metal separators. The rug that fell on appellant was not in physical contact with the rug she removed from the display. The appellant could only speculate the display shelves had shaken when she removed her merchandise and caused the other rug to fall.
 {¶ 19} The appellee claimed that the display of rugs constituted an open and obvious hazard; however, the appellant argued that the open and obvious doctrine did not apply. In support of this contention, the appellant referred to deposition testimony where she testified that she did not observe anything regarding the display of the rugs that made her think the display was unsafe or dangerous. The Fifth District sided with the appellee based upon its review of the photographs contained in the record. The court explained *Page 6 
that,
 {¶ 20} "we find a reasonable person would have appreciated the danger inherent in removing merchandise from the display shelf. Thus, Appellant Jana Hupp should have been aware of the danger and should have taken steps to avoid the danger. Accordingly, we conclude that the danger associated with removing merchandise from the rug display shelf constituted an open and obvious danger relieving Meijer from the duty to warn its invitees." Id. at ¶ 19.
 {¶ 21} We agree with the Fifth District Court's analysis and find no reason to distinguish the present case from Hupp. Therefore, after reviewing the pictures of the display in this case, we can only conclude that the possibility of the pre-cut vinyl sheet flooring falling off of the display was similarly an open and obvious hazard, relieving Lowe's of its duty to warn customers of the condition. Thus, the trial court properly granted Lowe's summary judgment on this issue.
 {¶ 22} Although Lowe's raised several other arguments in support of their motion, we conclude the trial court's decision that the nature of the pre-cut vinyl sheet flooring display was open and obvious to be dispositive of their motion and therefore will refrain from addressing their remaining arguments, especially given the fact that they were left unchallenged by the McGees. Accordingly, McGees' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1