McELHANEY, Appellant,

v.

MARC GLASSMAN, INC., et al., Appellees.

[Cite as *McElhaney v. Marc Glassman, Inc.*, 174 Ohio App.3d 387, 2007-Ohio-7203.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 20.

Decided Dec. 21, 2007.

Timothy Saylor, for appellant.

Marshall Buck, for appellees.

VUKOVICH, Judge.

{¶ 1} Plaintiff-appellant, David McElhaney, appeals the decision of the Mahoning County Common Pleas Court granting a directed verdict for defendant-appellee Marc Glassman, Inc. Two issues are presented in this appeal. First is whether the trial court improperly entertained the directed-verdict motion due to its alleged untimeliness. The second issue is whether the trial court erred when it granted the directed verdict on the basis of the open and obvious doctrine of premises liability. We find that the first issue lacks merit. However, we find merit in the second issue. For the reasons expressed below, the judgment of the trial court is reversed, and this case is remanded for further proceedings.

## STATEMENT OF FACTS AND CASE

{¶ 2} On July 11, 2003, David McElhaney entered a store named "Marc's" in Boardman Township, Ohio, with his wife, sister, and brother-in-law. Marc's is owned and operated by Marc Glassman, Inc. Upon entering Marc's, the parties split up; David's wife went to look at cosmetics, David's brother-in-law went to buy lottery tickets, and David and his sister went to look at a lawn chair and table display.

{¶ 3} David's sister sat in one chair and David sat in another. When David sat in the chair, it immediately collapsed. The collapsing chair caused injury to the tip of David's right ring finger; the fleshy part of it was severed and had to be reattached with sutures. David incurred medical bills as a result of the injury.

{¶ 4} At the time of the injury, David weighed approximately 250 pounds. On the bottom of the chair was a black and white tag with bold letters that stated that the weight limit for the chair was 200 pounds. David did not examine the

chair to determine its weight limit prior to sitting in it. Furthermore, Marc's did not display a sign stating that the weight limit of the chair was 200 pounds.

{¶ 5} On June 24, 2004, David filed a complaint in the Mahoning County Common Pleas Court against Marc Glassman, Inc., Red Tag Biz, Inc., and Doe Corporations. Red Tag Biz, Inc., was sued because it was the supplier of the chairs. Doe Corporations, whose name could not be discovered through due diligence, was sued because it had manufactured the chairs. Six causes of action were named in the complaint. The first cause of action was against Marc Glassman, Inc., on the basis of premises liability. The second cause of action alleged strict liability/defective design against Doe Corporations and Red Tag Biz, Inc. The third cause of action was a strict-liability/inadequate-warning action against Doe Corporations and/or Red Tag Biz, Inc. The fourth cause of action sounded in negligence for defective design or manufacture against Doe Corporations and Red Tag Biz, Inc. The fifth cause of action sounded in negligence for inadequate warning against Doe Corporations and Red Tag Biz, Inc. The sixth and final cause of action was for breach of warranty. It was against Doe Corporations and Red Tag Biz, Inc.

{¶ 6} Marc Glassman, Inc., and Red Tag Biz, Inc., answered the claims and asserted defenses. Both companies asserted that David was negligent. Marc Glassman, Inc., also asserted that the danger was open and obvious, and thus there was no duty to warn. Marc Glassman, Inc., and Red Tag Biz, Inc., each filed cross-claims against the other claiming indemnification.

{¶ 7} On February 15, 2006, Marc Glassman, Inc., filed a motion for summary judgment claiming, among other things, that the danger was open and obvious, and thus it could not be found liable under premises liability. David opposed that motion. On March 23, 2006, the trial court denied Marc Glassman, Inc.'s motion for summary judgment on the basis that there were genuine issues of material fact.

{¶ 8} In June, 2006, Red Tag Biz, Inc., settled with David and thus was dismissed from the lawsuit. The case proceeded against Marc Glassman, Inc. Trial began on January 8, 2007. After David's opening statement, Marc Glassman, Inc., indicated that it had a motion it would like to make, but indicated that it would reserve it until the jury's was dismissed for the evening. It then proceeded with its opening statement. Two witnesses testified before court was closed on that day: cross-examination of Vic Spurio, assistant manager of Marc's and direct and cross-examination of David.

{¶ 9} After the jury was discharged for the evening, Marc Glassman, Inc., indicated that it moved for directed verdict following the opening statement of David. A brief in support of that motion was filed with the court. The court allowed David 24 hours to file a motion opposing the motion for directed verdict.

{¶ 10} On January 10, 2007, after receiving David's motion to strike the motion for directed verdict or in the alternative motion opposing the motion for direct verdict, the trial court granted the motion for directed verdict. It specifically found in its journal entry that the chair's weight limit was open and obvious, and thus as a matter of law, Marc Glassman, Inc. was not liable under the theory of premises liability. David timely appeals from that decision, raising one assignment of error, which contains two issues.

## FIRST ASSIGNMENT OF ERROR

{¶ 11} "The trial court erred when it sustained defendant-appellee, Marc Glassman, Inc.'s motion for directed verdict."

{¶ 12} A. "The trial court erred in entertaining defendant's motion for directed verdict when the same was not timely made."

{¶ 13} David contends that Marc Glassman, Inc.'s motion for directed verdict was untimely. He contends that Marc Glassman, Inc., did not make the motion at the closing of David's opening statement but in the middle of David's presentation of the evidence. Thus, he argues that the motion was not timely and should not have been considered by the trial court.

{¶ 14} Marc Glassman, Inc., contends that the motion was timely because it was made at the close of David's opening statement. Therefore, it contends that the motion was properly considered.

{¶ 15} Civ.R. 50(A)(1) states that a motion for directed verdict can be made after the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence. See also *Southwick v. Univ. Hosp., Inc.*, 1st Dist. No. C–050247, 2006-Ohio-1376, 2006 WL 744297, ¶ 12.

{¶ 16} The transcript reveals that after David's counsel made his opening statement, the following colloquy occurred:

{¶ 17} "Mr. Buck [counsel for Marc Glassman, Inc.]: Your, Honor, I have a motion I would like to make, but if it's okay with the court, I'll reserve [it] until the jury's dismissed for the evening.

{¶ 18} "The Court: Yes."

{¶ 19} Counsel for Marc Glassman, Inc., then made his opening statement. Thereafter, David began presenting evidence. He called Victor Spurio, assistant manager of Marc's, to the stand for cross-examination. Following Spurio's testimony, David testified. The court then recessed for the day. After the jury was dismissed, the court heard the argument for Marc Glassman, Inc.'s motion that was made after David's opening statement.

{¶ 20} "The Court: Okay. Attorney Buck, you have a motion?

{¶ 21} "Mr. Buck: Yes, Your Honor. At this time I would like to move the court for a directed verdict on the issue of liability following the plaintiff's opening statement."

{¶ 22} Counsel for Marc Glassman, Inc., then argued that a directed verdict should be granted.

{¶ 23} Given the above, we cannot conclude that the motion was untimely made. As the transcript shows, after David's opening statement, Marc Glassman, Inc., indicated that it had a motion to make. While Marc Glassman, Inc., did not argue the merits of its motion at that time or indicate that its motion was a motion for directed verdict, that does not change the fact that it indicated to the court at the end of that opening statement that it had a motion to make. Furthermore, it indicated that if it was all right with the court, it would argue the merits of that motion after the jury was dismissed for the day. The trial court clearly allowed Marc Glassman, Inc., to wait until the jury was dismissed for the day before arguing the merits of the motion. The transcript plainly indicates that when Marc Glassman, Inc., argued the merits of the motion, it specifically referenced that it was moving for directed verdict following David's opening statement. Thus, as Marc Glassman, Inc., indicated, it was making a motion at the end of David's opening arguments, and pursuant to Civ.R. 50(A)(1), that is an appropriate time to move for directed verdict, and the motion cannot be deemed untimely.

{¶ 24} Yet we note that had the argument for directed verdict been made at the time Marc Glassman, Inc., indicated that it had a motion, the trial court could have decided at that time whether the argument had merit and would have avoided hearing testimony. When a motion for directed verdict, or similar motion, is made, judicial economy is better served when the argument is made immediately following the motion. That way, if the motion is dispositive of the need for the entire trial, time will not be wasted on evidence being admitted, as it was in this case. That having been said, it is acknowledged that a trial court is vested with the discretion to control its judicial proceedings. *State ex rel. Rodgers v. Cuyahoga Cty. Court of Common Pleas* (1992), 83 Ohio App.3d 684, 686, 615 N.E.2d 689. This would include the trial court's right to determine when arguments for a motion are to be made. Consequently, given that discretion, we cannot find that the trial court committed any error in allowing the motion to proceed the way it did. Thus, the first issue presented in the sole assignment of error lacks merit.

{¶ 25} B. "The trial court erred in sustaining defendant's motion for a directed verdict when there were genuine issues of disputed facts to be decided by the jury."

{¶ 26} The second issue presented in the assignment of error is whether the trial court erred when it granted the motion for directed verdict following David's opening statement. We review the trial court's grant of the motion for directed verdict de novo. A motion for directed verdict is to be granted when construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion, and that conclusion is adverse to the party opposing the motion. Civ.R. 50(A)(4); *Crawford v. Halkovics* (1982), 1 Ohio St.3d 184, 185–186, 1 OBR 213, 438 N.E.2d 890. "A motion for directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence." *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4, quoting *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph three of the syllabus.

{¶ 27} Under Civ.R. 50(A)(1), a party may move for a directed verdict after an opponent's opening statement. But "[a] trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." *Strange v. Bethesda Hosp.* (Dec. 4, 1996), 1st Dist. No. C–941005, 1996 WL 691453, quoting *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233, syllabus.

{¶ 28} Marc Glassman, Inc., argued in its motion for directed verdict that "plaintiff in [his] opening statement failed to establish any legal duty owed by the defendant to the plaintiff. Mr. Saylor [counsel for David] simply saying, you know, that fat people don't read signs under chairs or, you know, people come in and don't read signs, it does not establish a legal duty. There must be some violation of a legally established duty of which there is none in this case." It further added, "The case law that I've cited establishes that in failure to warn cases where plaintiff's trying to assert claims, they are to be decided under the products liability statute. And since we have—there was no statement, no presentation of any evidence that would be presented establishing a products liability claim against Marc's, plaintiff's counsel's assertion to the court that they have abandoned their products liability claim, therefore, there can be no claim against Marc's. Absent some legal duty, products liability claim, I believe we are entitled to a directed verdict at this time based on the plaintiff's opening statement." Marc Glassman, Inc., then argued in the alternative, that the condition was open and obvious and did not require a warning.

{¶ 29} David opposed the motion for directed verdict, arguing that this is a premises-liability case and that not every product on a premises turns the case into a products-liability case. David indicated that in his opening statement, he clearly set forth the factors and issues to be decided under the premises-liability theory. He further argued that Marc Glassman, Inc.'s motion was merely a rehash of its summary judgment motion, which was denied. Thus, David maintained that the condition was not open and obvious.

{¶ 30} After hearing the arguments and reviewing briefs on the issue, the trial court granted the directed verdict. The trial court determined that this case was governed by premises liability and not products liability. Furthermore, it found that the opening statement clearly identified the issues. However, it found that the hazard in this case was open and obvious. Accordingly, it granted the motion for directed verdict.

{¶ 31} We find no error with the trial court's determination that this is a premises-liability case. "In premises liability situations, the duty that an owner of land owes to individuals coming onto the property is determined by the relationship between the parties. *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 67 [28 OBR 165, 502 N.E.2d 611]. The standard of care changes depending upon whether the entrant is characterized as an invitee, licensee or trespasser. *Gladon v. Greater Cleveland Regional Transit Authority* (1996), 75 Ohio St.3d 312, 315 [662 N.E.2d 287]." *Morgan v. Gracely*, 4th Dist. No. 05CA36, 2006-Ohio-2344, 2006 WL 1304858, ¶ 7.

{¶ 32} Typically, a customer who enters a store is a business invitee. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier. *Gladon*, 75 Ohio St.3d at 315, 662 N.E.2d 287. The owner has the duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 65 O.O.2d 129, 303 N.E.2d 81; *Light*, 28 Ohio St.3d at 68, 28 OBR 165, 502 N.E.2d 611.

{¶ 33} Here we do not have a typical premises-liability situation in which a customer is injured on the store's premises by falling in a pothole, tripping over a product, or having merchandise fall on them. Instead, we have a display of lawn chairs, and when the customer sat in one of the chairs, it collapsed and injured the customer. The failure of the product is what caused the injury. However, that fact does not negate the ability to pursue a premises-liability cause of action. When a display is used to entice a customer to use the product in the store, the premises owner has a duty to warn of any dangers that it is aware of that are not obvious to the customer. See *Verbyla v. Put–In–Bay Transp., Inc.* (Aug. 12, 1994), 6th Dist. No. 94OT007, 1994 WL 424092 (discussing premises

liability when a person traversed into a roped-off display area and got injured in a utility hole that was in the display area); *Bury v. N. Shore Inv. Co.* (Sept. 11, 1987), 6th Dist. No. C.A. L–86–414, 1987 WL 16863 (explaining that a store would not be liable for failing to warn a customer of a step on a boat that was on display when the step was already successfully traversed by the customer, since the customer was fully aware of the step).

{¶ 34} That having been said, it must be acknowledged that not all displays are open to customers. The scope of an invitation to use premises includes only such areas of the premises as the invitee is led reasonably to believe are held open to him. *Crampton v. Kroger Co.* (1959), 108 Ohio App. 476, 485, 9 O.O.2d 432, 162 N.E.2d 553. A display that is roped off or has signs indicating that it is for display purposes only or that it is not for use is not open to a customer. Thus, a customer who uses that display is no longer an invitee but rather would be either a licensee or trespasser. For example, in *Verbyla*, a customer who was injured in a display area that was roped off was considered a trespasser, and the owner of the premises owed no duty to the customer other than to refrain from wanton and willful misconduct that would likely injure. *Verbyla*, 6th Dist. No. 94OT007, 1994 WL 424092. The facts in *Verbyla* were that the owner of a business placed a dinghy on display. The display was solely for decorative purposes; the owner of the business was not in the business of selling or renting boats. A heavy rope encircled the display. One night, *Verbyla* climbed over the rope and into the display. Within the display area was a hole. He was injured when he stepped into that hole, and he sued the owner of the business for negligence. The trial court granted summary judgment for the owner, and the appellate court upheld that decision. The trial court reasoned that *Verbyla* was not an invitee, because nothing in the record suggested that the scope of his invitation to view the boat display included climbing over the rope into the display area. Furthermore, the court concluded that he was not a licensee because the owner had neither encouraged nor induced anyone to enter the display.

{¶ 35} Consequently, a display may constitute a hazard in the premises, and an owner may have a duty to warn customers if it is not an open and obvious hazard. The trial court's decision that the premises liability was applicable is not in error.

{¶ 36} The trial court here concluded that David was an invitee and the weight limit for the lawn chair was open and obvious. As to David's status as invitee as explained above, that determination must be based upon whether the display was held open to him. The opening statement implies that it was held open to him, and thus he was an invitee. Marc Glassman, Inc., does not seem to dispute that the display was held open to its customers. We do note that following the opening statement, the manager of Marc's did testify and stated that it was

reasonable to assume that people were going to sit in the displayed lawn chairs. Thus, it seems that Marc Glassman, Inc., made the display open. However, that testimony is not before this court, because the directed verdict was granted on the opening statement, and thus, the trial court and this court can consider only what was stated in the opening statement. Regardless, we find no error given what was before the court for it to apply the law of an invitee.

{¶ 37} As stated above, a property owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Light*, 28 Ohio St.3d at 68, 28 OBR 165, 502 N.E.2d 611. However, a property owner owes no duty to warn invitees of open and obvious dangers on their property. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504. An open and obvious danger is one that an invitee may reasonably be expected to discover; however, one does not necessarily have to see the hazard for it to be open and obvious. See *Smith v. Gracon*, 7th Dist. No. 05MA125, 2006-Ohio-886, 2006 WL 459271, citing *Terakedis v. Lin Family Ltd. Partnership*, 10th Dist. No. 04AP–1172, 2005-Ohio-3985, 2005 WL 1840022, ¶ 10. The fact that the condition itself is so obvious is what absolves the property owner from taking any further action to protect the plaintiff. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14.

{¶ 38} During opening statements, David's counsel clearly indicated what this case was about and what had to be shown for premises liability. He indicated that the question presented to the jury would be whether David had to pick up the chair and look at the tag to determine the weight limit or if Marc's had a duty to warn its customers that the chairs had a weight limit of 200 pounds, meaning that it should have put up a sign next to the display stating the weight limit. David's counsel admitted in the opening statements that there was a tag on the bottom of the chair indicating that it had a weight limit of 200 pounds.

{¶ 39} Thus, the question in this case is whether Marc's had a duty to warn of the weight limit or was that limit open and obvious. We find that this is a question of fact for the jury. A lot of different factors would play into whether or not this was an open and obvious hazard. For instance, what the chair looked like would be a factor. If it looked flimsy or cheap, then it might reasonably be expected that a reasonable person would seek the weight limit prior to sitting in the chair. Another consideration might also be whether a reasonable person would look for a weight limit on a chair prior to sitting on it.

{¶ 40} Consequently, we find error with the trial court's grant of directed verdict for Marc Glassman, Inc. This issue has merit.

## CONCLUSION

{¶ 41} In conclusion, we find that the motion for directed verdict was timely made. However, we find that the directed verdict was erroneously granted. The judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.

Judgment reversed
and cause remanded.

DeGenaro, P.J., and Donofrio, J., concur.