[Cite as *Sanders v. Golden Corral Corp.*, 2016-Ohio-3225.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ELLA SANDERS | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 14 MA 0143 |
| VS. | ) | |
| | ) | OPINION |
| GOLDEN CORRAL CORP. | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 13 CV 2031

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellant      Attorney Mark Verkhlin
839 Southwestern Run
Youngstown, Ohio 44514

For Defendant-Appellee      Attorney John Pfau
P.O. Box 9070
Youngstown, Ohio 44512

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: May 27, 2016

DeGENARO, J.

{¶1} Plaintiff-Appellant, Ella Sanders, appeals the judgment of the Mahoning County Court of Common Pleas granting summary judgment to Defendant-Appellee, Golden Corral Corp., in a personal injury case. Sanders' assignment of error is meritless. The door that injured Sanders' foot was an open and obvious hazard that obviated Golden Corral's duty. The doctrine of res ipsa loquitur does not apply where, as here, the plaintiff was exerting control over the instrumentality that caused the injury. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} Sanders, who was 73 years old at the time, went to the Golden Corral Restaurant in Boardman Township with her son Anthony and his wife, Carman, on a sunny summer afternoon. Anthony and Carman went in the restaurant before Sanders. When Sanders approached the door it was completely closed, and nothing was obstructing her view. Sanders described the door as a regular commercial door for a restaurant. Sanders was wearing sandals, which left her toes exposed. While standing close to the door, she grabbed the door with her left hand and pulled it open. She recounted the door opened very easily; it did not stick. When Sanders opened the door, she pulled the door across her right foot, causing a cut and a fracture to her toe. Sanders' only rationale for striking her foot with the door was that the door seemed to open too easily.

{¶3} Sanders filed a complaint for negligence. Golden Corral filed an answer asserting various affirmative defenses, including contributory negligence, assumption of the risk, and the open and obvious doctrine. Discovery proceeded, Sanders' deposition was taken and Golden Corral filed the transcript.

{¶4} Golden Corral filed a motion for summary judgment, arguing it did not owe a duty to Sanders and, alternatively, that there was no evidence of negligence on its part. Golden Corral supported its motion with Sanders' deposition and the affidavit of its manager Hector Hernandez, Jr. who was present at the time of the incident, and was notified that a woman needed a band aid. He spoke directly to Sanders, and she stated she opened the door onto her own foot.

{¶5} Hernandez inspected the door and found nothing wrong or unusual about the door's operation. It was opening and closing smoothly and properly, typical for a commercial door. He did not discover upon inspection any physical defects or any damage to the door. He was not aware of any similar incidents before or since Sanders' injury. Hernandez stated that Golden Corral inspected and maintained the door in a reasonable manner, consistent with operation of restaurants such as Golden Corral.

{¶6} Sanders filed a brief in opposition but did not attach any additional evidence, instead relying on her complaint and her deposition testimony. She asserted that the hazard posed by the door was not open and obvious, or alternatively the doctrine of res ipsa loquitur applied. Golden Corral filed a reply brief.

{¶7} The magistrate granted Golden Corral's motion for summary judgment. Sanders filed objections, which the trial court overruled, and granted Golden Corral summary judgment.

## Open and Obvious and Res Ipsa Loquitur

{¶8} In her sole assignment of error, Sanders asserts:

The trial court erred when it overruled the Objections to the Magistrate's Decision and adopting the decision of the magistrate when questions of material fact existed as to whether Sanders's injury was caused by an open and obvious hazard, as Golden Corral failed to show that summary judgment was proper pursuant to Civ.R.56.

{¶9} Generally, an abuse of discretion standard of review is applied to an appellate review of a trial court's adoption of a magistrate's decision. *Bank of America, N.A. v. Miller*, 7th Dist. No. 13 MA 119, 2015–Ohio–2325, ¶ 25, However, where, as here, the trial court adopts a magistrate's decision determining that summary judgment is appropriate, the appellate court reviews the case de novo. *Long v. Noah's Lost Ark, Inc.* 158 Ohio App.3d 206, 2004-Ohio-4155, 814 N.E.2d 555, ¶ 17 (7th Dist.).

**{¶10}** Summary judgment is granted where the trial court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

**{¶11}** In order to establish a cause of action for negligence, appellant must show: (1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8. "The existence of a duty is a question of law." *Kish v. Scrocco*, 7th Dist. No. 11 MA 197, 2013-Ohio-899, ¶ 12, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

**{¶12}** It is undisputed that Sanders was a business invitee on the premises of Golden Corral. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio University,* 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger, *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985), and has the duty to warn its invitees of latent or hidden dangers. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, ¶ 5. *See also McGee v. Lowe's Home Centers*, 7th Dist. No. 06JE26, 2007-Ohio-4981, ¶14.

**{¶13}** However, "[w]here the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *McGee* at ¶15, citing *Armstrong*. "An open and obvious danger is one that an invitee may reasonably be expected to discover; however, one does not necessarily have to see the hazard for it to be open and obvious." *McElhaney v. Marc Glassman, Inc.,* 7th Dist. No. 07 MA 20,

174 Ohio App.3d 387, 2007-Ohio-7203, 882 N.E.2d 455, ¶ 37.

{¶14} The only case involving a similar fact-pattern our research uncovered is *Gruss v. Old Navy*, 8th Dist. No. 95789, 2011-Ohio-1811, where Coletta, the minor daughter of the plaintiff, Margaret, was injured when, while entering an Old Navy store, "[t]he heavy doors opened unevenly sticking and dragging the door over the exposed toes of Coletta's [foot]." *Id. at* ¶3. The evidence in the record included Coletta's deposition and affidavits by Margaret and Coletta attesting that the entrance doors were misaligned, unusually heavy, apparently stuck and opened unevenly. *Id.* at ¶ 5-9. Also in the record were two work orders demonstrating that Old Navy had notice prior to the incident that the doors did not work properly. *Id..* ¶11-15. The Eighth District reversed summary judgment in favor of Old Navy concluding the open and obvious doctrine was inapplicable, because the unevenness of the two doors created a hidden danger:

> The deposition of Coletta Gruss established that the left door was overly heavy, and the weight of the right door was on top of the left door. Coletta then tried opening the right door, which opened with great ease. * * *[T]he greater than anticipated amount of force needed to open the left door was a distraction that misled Coletta as to the amount of force needed to open the right door. It was then unexpected that the right door would open with much less force, leaving little time to clear the path of the door after opening it. The defects are not so obvious and apparent that invitees would reasonably be expected to discover them as a matter of law.

*Gruss* at ¶ 25. (internal citation and footnote omitted.)

{¶15} The *Gruss* case was not cited by either party, and although it is factually distinguishable from the case at bar, the Eighth District's analysis is still instructive by way of comparison.

{¶16} In contrast to the door in *Gruss*, there is no genuine issue of material

fact that the doors at Golden Corral operated properly. Any hazard posed by the door here was open and obvious. Sanders' deposition testimony establishes that, while standing close to the door, with an unobstructed view of it, she grabbed the door with her left hand and pulled it open across her right toe, injuring it. Sanders described the door as a regular commercial door for a restaurant and admitted it did not stick. Indeed, the store manager, Hernandez inspected the door and found nothing wrong or unusual about the door's operation; he said it was opening and closing smoothly and properly, typical for a commercial door. There was no evidence of prior incidents or work orders to repair a defect in the door.

{¶17} Moreover, Sanders presented no evidence to contradict this evidence and create a genuine issue of material fact. Accordingly, the trial court correctly applied the open and obvious doctrine in this case.

{¶18} Sanders alternatively argues that the doctrine of res ipsa loquitur applies to permit this court to infer negligence on the part of Golden Corral. Res ipsa loquitur can be applied only when the evidence supports two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed by the defendant. *Kiasic v. Time Warner Entertainment Co., LP*, 7th Dist. No. 06 MA 49, 2007-Ohio-1125 ¶ 15.

{¶19} For example, the doctrine has been applied in a case where the plaintiff was injured by an automatic door, and was merely walking through the entrance and it closed on her, and the defendant business had control over the automatic door's sensors and maintenance of the door. *Smith v. Frederick C. Smith Clinic*, 3d Dist. No. 9-09-50, 189 Ohio App.3d 473, 2010-Ohio-4548, 939 N.E.2d 192, ¶ 42

{¶20} By contrast, the door here was under Sanders' control at the time of her injury. Sanders stated she was standing close to the door when she opened it and struck her toe with the door. Accordingly, the first requirement of res ipsa loquitur is

not met. Further, Sanders' injury is not the type of injury that would not have occurred absent some negligence on the part of Golden Corral. Her injury was caused by her own actions. Accordingly, Sanders' res ipsa loquitur argument is meritless.

**{¶21}** In sum, for the foregoing reasons, Sanders' sole assignment of error is meritless, and the judgment of the trial court is affirmed.


Waite, J., concurs.

Robb, J., concurs.