[Cite as *Milbert v. Wells Twp. Haunted House, Inc.*, 2016-Ohio-5643.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ELIZABETH DANIELLE MILBERT, | ) | CASE NO. 15 JE 0023 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WELLS TOWNSHIP HAUNTED | ) | |
| HOUSE, INC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                              Pleas of Jefferson County, Ohio
                              Case No. 14-CV-443

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Scot McMahon
                              Balgo & Kaminski, L.C.
                              52171 National Road, Suite 4
                              St. Clairsville, Ohio  43950


For Defendants-Appellants:    Atty. Gregory Beck
                              Atty. Andrea Ziarko
                              Baker, Dublikar, Beck, Wiley & Mathews
                              400 South Main Street
                              North Canton, Ohio  44720

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated:  September 2, 2016

ROBB, J.

{¶1} This is an appeal of the Jefferson County Common Pleas Court's decision denying the motion for summary judgment filed by the defendants Wells Township Haunted House, Inc. and Wells Township Board of Trustees. The township claims political subdivision immunity in the premises liability suit filed by the plaintiff Elizabeth Milford. Specifically, the township asserts there was no evidence its employees were negligent in performing the proprietary function of operating a haunted house.

{¶2} However, in addition to operating the haunted house, the township designed and constructed a swinging coffin ride which ejected the plaintiff after the coffin lid opened prematurely. The township admitted this failure was due to a bolt which became loose. The plaintiff submitted an affidavit wherein a safety consultant opined the lid opening was foreseeable due to the use of an ungraded eye bolt and the design by which the release mechanism traveled across the eye bolt securing the lid. Reasonable minds could differ on the question of whether a township employee negligently designed and constructed the ride which resulted in a hazardous condition. Therefore, the trial court's denial of the township's request for summary judgment is upheld.

## STATEMENT OF THE CASE

{¶3} The township owned and operated a haunted house containing three swinging coffin rides. The coffin rides were designed and constructed by the township. Upon being led to the second floor of the house, two to three participants would enter the ride by lying side-by-side in a large "coffin." The lid was then closed and secured via an eye bolt. The coffin was lowered through the floor by gravity to the first floor. The ride ended with the coffin in an upright position, at which point a ride operator was to open the lid. On October 19, 2012, the plaintiff was riding in a coffin when the lid opened prematurely.

{¶4} On October 2, 2014, the plaintiff filed a negligence suit against the defendants for injuries sustained when she fell from the coffin to the floor. The complaint alleged the defendants:  failed to use reasonable care to provide

reasonably safe premises for its invitees; allowed a dangerous condition to exist due to inadequate construction, design, and maintenance of the coffin ride; knew or should have known a dangerous condition existed; and failed to warn of or correct the danger. The answer asserted political subdivision immunity among other defenses.

{¶5} On August 5, 2015, the defendants filed a motion for summary judgment. They submitted the affidavit of the township's police captain who was the attraction's director at the time of the accident. At that time, the haunted house was run by the township's recreational department and operated by volunteers. He reported that Wells Township Haunted House, Inc. was not formed until a year after the plaintiff's accident; he is the agent of this non-profit corporation formed to help local youth programs.

{¶6} The police captain attested the ride was inspected directly before and after each ride, no defects or dangers were found prior to the plaintiff's accident, and neither the township nor its employees knew of any defects or dangers prior to the accident. He noted there were no prior accidents in the weeks the ride had been open, during which hundreds of daily participants experienced the ride. He explained that an inspection conducted after the accident showed "a bolt was loosened slightly, which caught on the lid as the ride was being released."

{¶7} In seeking political subdivision immunity, the township's motion for summary judgment acknowledged: operation of the haunted house was a proprietary rather than a government function; and there is an exception to immunity if the harm was caused by the negligence of its employees in the performance of proprietary functions. In arguing there was no negligence, the township argued it had no duty as the injury was not foreseeable. The township urged there was no evidence it had actual or constructive knowledge of the circumstances causing the lid to open prematurely.

{¶8} Regarding Wells Township Haunted House, Inc., the motion asserted the corporation should be dismissed from the lawsuit as it did not exist at the time of the accident. In addition to the affidavit of the police captain explaining the

corporation was formed subsequent to the accident; the articles of incorporation were attached. The plaintiff's response did not address the latter argument, but at the oral hearing, plaintiff's counsel agreed Wells Township Haunted House, Inc. could be dismissed from the suit.

{¶9} On the topic of duty owed, the plaintiff agreed the township had the duty to its invitees to exercise ordinary care in maintaining reasonably safe premises, to warn of latent and hidden dangers of which it knew or should have known, and to refrain from negligent activities. In countering the claimed lack of knowledge or notice, the plaintiff pointed out the township designed and constructed the coffin ride, knew how it worked, and knew the coffin's release mechanism (which started the ride) traveled across the eye bolt used to secure the lid. To the contrary, the plaintiff could not know these facts as she was led to the second floor of a dark house and placed in a coffin with no chance to study whether the safety devices were adequate. The plaintiff concluded that factual questions clearly remained as to whether the lid failure was foreseeable and the design/construction was negligent.

{¶10} The plaintiff submitted the affidavit of a safety analyst and consultant, who explained he was a specialist on the safety and operation of amusement attractions. He inspected the coffin ride and spoke to the police captain, who designed the ride. The consultant opined the use of ungraded eye bolts in the design and construction was negligent as graded eye bolts were needed for this type of load bearing usage. He said it was foreseeable an ungraded eye bolt could lead to a lid failure such as the one here. The consultant additionally opined it was negligent to design and construct the ride so the release mechanism traveled across the eye bolt securing the door. He concluded the township should have foreseen the release mechanism could catch the eye bolt securing the door which would loosen it and cause the lid to open.

{¶11} On September 22, 2015, the trial court denied the motion for summary judgment, finding there remained genuine issues of material facts. The township filed a timely notice of appeal. Although Wells Township Haunted House, Inc. is listed on the brief as an appellant, they are not included in the notice of appeal which provides:

"defendant, Wells Township Board of Trustees, hereby appeals [from the judgment] "which denied defendant's motion for summary judgment asserting immunity * * *." This may relate to assignment of error number two, which is discussed first.

ASSIGNMENT OF ERROR TWO: CORPORATE DEFENDANT

**{¶12}** The second assignment of error provides:

"THE TRIAL COURT ERRED BY FAILING TO DISMISS THE WELLS TOWNSHIP HAUNTED HOUSE, INC. WHEN THE CORPORATION DID NOT EXIST AT THE TIME OF THE ACCIDENT."

**{¶13}** The township points to the undisputed affidavit explaining that Wells Township Haunted House, Inc. did not exist at the time of the October 2012 accident and the attached articles of incorporation showing this entity's formation in June 2014. At the summary judgment hearing, the plaintiff agreed the township was the appropriate party and the "corporation formed after this accident could be dismissed from this lawsuit. It seems appropriate." As no dismissal entry was thereafter filed by the plaintiff and the trial court denied summary judgment without remedying this issue, the township asks this court to dismiss Wells Township Haunted House, Inc. as a party. Appellee's response brief does not address this contention.

**{¶14}** An order denying a political subdivision the benefit of an alleged immunity from liability is a final order. R.C. 2744.02(C). Although the denial of summary judgment is not appealable in the standard case, the denial of summary judgment can be appealed where it denies the political subdivision the benefit of immunity. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 27. This is true even if the order makes no Civ.R. 54(B) determination where it would otherwise be required. *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 12-13.

**{¶15}** However, an order denying a motion predicated on some other defense does not deny the benefit of immunity and is not a final, appealable order even though it arose along with a political subdivision's immunity claim. *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 19. For instance, the denial of a motion raising the statute of limitations for actions

against a political subdivision was not immediately appealable by a political subdivision even though it was appealed along with a judgment denying a motion seeking immunity, which latter motion was immediately appealable. *Id.* at ¶ 12-14, 19-20.

**{¶16}** The only order subject to immediate appeal in this case was the one denying the benefit of immunity. The court's failure to address a request to dismiss the corporate defendant, who did not exist at the time of the plaintiff's injury, is not an order denying the benefit of immunity. Even though the issue arose along with the political subdivision's immunity claim, it is not immediately appealable. We therefore cannot address this issue at this time. This assignment of error is overruled.

**{¶17}** Before addressing the immunity assignment of error, we set forth the general law applicable to this case.

<u>GENERAL LAW: SUMMARY JUDGMENT & IMMUNITY</u>

**{¶18}** Civ.R. 56 must be construed in a manner that balances the right of the non-movant to have a jury try claims and defenses that are adequately based in fact with the right of the movant to demonstrate, prior to trial, that the claims and defenses have no factual basis. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 11, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment can be granted when there remains no genuine issue of material fact and when reasonable minds can only conclude the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

**{¶19}** In determining whether there exists a genuine issue of material fact to be resolved at trial, the court is to consider the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the non-movant. *See, e.g.*, *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, 883 N.E.2d 1060, ¶ 11. Doubts are to be resolved in favor of the non-movant. *Leibreich v. A.J. Refrig., Inc.*, 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993). A court "may not weigh the proof or choose among reasonable inferences." *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980).

{¶20} The movant has the initial burden to show that no genuine issue of material fact exists. *Byrd*, 110 Ohio St.3d 24 at ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). The non-moving party then has a reciprocal burden. *Id.* The non-movant's response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine issue for trial and may not rest upon mere allegations or denials in the pleadings. Civ.R. 56(E).

{¶21} "The material issues of each case are identified by substantive law." *Byrd*, 110 Ohio St.3d 24 at ¶ 12. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We consider the propriety of granting summary judgment under a de novo standard of review. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

{¶22} Political subdivision immunity involves a three-tiered statutory analysis evaluating: (1) the general grant of immunity in division (A) of R.C. 2744.02; (2) the exceptions in division (B) of R.C. 2744.02, which strip the political subdivision of immunity; and (3) the defenses to liability, such as those in R.C. 2744.03, which reinstate the stripped immunity. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10-13. In general, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

{¶23} The pertinent exception to this general grant of immunity provides: "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). The parties agree the operation of the haunted house involved a proprietary, rather than a government, function. *See* R.C. 2744.01(G)(1)(b) (the function is not listed as a government function and "is one that promotes or preserves the public peace, health, safety, or

welfare and that involves activities that are customarily engaged in by nongovernmental persons.")

**{¶24}** The application of this exception is the sole issue in this case; the question of whether the township was entitled to immunity depends upon whether an employee negligently performed an act that caused the plaintiff's injury. Essentially, the issue is the same as is presented in a regular negligence case alleging premises liability in the design, construction, and maintenance of a property feature.

**{¶25}** In order to prevail on a claim of negligence, the plaintiff must establish the existence of a duty, the breach of that duty, and an injury proximately resulting from the breach of duty. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). Under the law of negligence, a defendant's duty to a plaintiff depends upon the foreseeability of injury to a person in the plaintiff's position and the relationship between the parties. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 645, 597 N.E.2d 504 (1992). Injury is foreseeable if a reasonably prudent person would have anticipated an injury was likely to result from the performance or nonperformance of an act. *Menifee*, 15 Ohio St.3d at 77. "Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Huston v. Konieczny*, 52 Ohio St.3d 214, 217, 556 N.E.2d 505 (1990).

**{¶26}** When negligence is alleged in the context of premises liability, the applicable duty is defined by the relationship between the landowner and the plaintiff, such as invitee, licensee, or trespasser. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. A business invitee enters upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986) (whereas a licensee enters by permission or acquiescence for his own pleasure or benefit without invitation).[1]

---

[1] As the township recognizes, the plaintiff's complaint says she was an invitee. Although the township's summary judgment motion set forth law on both an invitee and a licensee, the township did not contest the plaintiff's status as an invitee. Evidence attached to their motion shows the haunted house invited participants to enter and charged admission for entry.

**{¶27}** The premises owner or operator is not the insurer of an invitee's safety. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203-204, 480 N.E.2d 474 (1985). The mere happening of an accident does not give rise to a presumption of the owner's negligence. *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 319, 116 N.E.2d 300 (1953).

**{¶28}** Still, business invitees are owed a duty of ordinary care in maintaining the premises in a reasonably safe condition so they are not unnecessarily and unreasonably exposed to danger. *Paschal*, 18 Ohio St.3d at 203. "[T]he obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm." *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978) ("The obligation extends to the original construction of the premises, where it results in a dangerous condition.").

**{¶29}** The invitee has three alternative avenues of demonstrating a premises liability negligence case: (1) the defendant or an employee negligently created the hazard; (2) the defendant or an employee had actual knowledge of the hazard and neglected to remove it promptly or give adequate warning of its presence; or (3) the defendant or an employee had constructive knowledge of the hazard, such as where it existed for a sufficient length of time to reasonably justify an inference that the failure to correct the matter or warn against it was attributable to a want of ordinary care. *Anaple v. Standard Oil Co.*, 162 Ohio St. 537, 541, 124 N.E.2d 128 (1955). *See also Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

ASSIGNMENT OF ERROR ONE: IMMUNITY

**{¶30}** The first assignment of error contends:

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FIND WELLS TOWNSHIP BOARD OF TRUSTEES WAS IMMUNIE FROM APPELLEE'S CLAIMS AND ENTITLED TO SUMMARY JUDGMENT WHEN TOWNSHIP HAD NO NOTICE OF A DANGEROUS CONDITION ON ITS PROPERTY AND APPELLEE'S ACCIDENT WAS UNFORESEEABLE."

{¶31} In discussing duty, the township says a reasonable person would not have anticipated an injury was likely to result, stating "there is no duty to guard when there is no danger reasonably to be apprehended." *See Hetrick v. Marion-Reserve Power Co.*, 141 Ohio St. 347, 359, 48 N.E.2d 103, 109 (1943) ("Precaution is a duty only so far as there is reason for apprehension."). The township insists it was unforeseeable that a bolt would become loose, asserting the imposition of liability in this case would make the township the insurer of its property.

{¶32} The township asserts it only had a duty to conduct reasonable inspections and points to its evidence that its employees inspected the coffin ride between rides and found no defects. The township then states it had no duty to inspect for a loose bolt after each ride. The township notes there were no previous incidents regarding the ride. The township generally concludes there was no employee negligence and claims the plaintiff cannot demonstrate the township had superior, actual, or constructive knowledge of the circumstances causing the coffin lid to open prematurely.

{¶33} Regarding the latter claim, the plaintiff emphasizes the township both designed and constructed this ride and knew what safety mechanisms it chose to employ in the design and construction. In viewing the design, the plaintiff urges one can clearly see the release mechanism was built so that it travels across the eye bolt which secures the lid. She points out that she was led into a dark room prior to being put in the coffin and had no opportunity to protect against this danger. She concludes foreseeability is a genuine issue of material fact.

{¶34} In the reply brief, the township suggests the safety consultant improperly set forth an opinion regarding a legal standard and states the expert cannot create a duty where none exists. The township focuses on the police captain's affidavit stating no defects were discovered in the inspections occurring before and after every ride. The township characterizes this as a premises liability case for failure to warn and suggests that negligent design and construction, although alleged in the complaint, are not at issue because this is not a product liability case.

{¶35} However, a premises liability case is not limited in such fashion. A proprietor's duty to the invitee does not merely involve "a failure to warn against latent defects of which the owner knew or should have known." The cases applying this language, preface the test with a statement such as: "due to a hazardous condition *not created by the proprietor or his employees * * *.*" *See, e.g., Presley v. City of Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (1973) (emphasis added).

{¶36} For instance, where a defendant stacked up heavy wooden posts without utilizing a restraining device to protect its invitees, it was emphasized that the proprietor or his employee created the hazardous condition, as opposed to the typical slip-and-fall case involving an evaluation of actual or constructive notice of a latent defect not created by the proprietor. *Kemper v. Builder's Square, Inc.*, 109 Ohio App.3d 127, 136, 671 N.E.2d 1104 (2d Dist.1996). The Second District found reasonable minds could reach different conclusions on whether the failure to employ a restraining device (to prevent the posts from toppling onto an invitee) violated the duty of ordinary care. *Id.* at 134-135 ("the alleged negligence was [the defendant's] failure to employ any restraining device to prevent the four-foot posts on an upper shelf from toppling forward and striking a customer, a reasonably foreseeable contingency.")

{¶37} The Tenth District has pointed out that if *the defendant* negligently placed a doormat in a controversial position, the knowledge or notice options are irrelevant (and established by the placement in any event). *See, e.g., Tandy v. St. Anthony Hosp.*, 10th Dist. No. 88AP-551 (Nov. 29, 1988), citing *Stephens v. Akron Palace Theatre*, 53 Ohio App. 434, 437 (1936) ("as to defects in instrumentalities furnished or maintained by the owner, his knowledge, actual or implied, is not a necessary predicate of negligence on his part.") In two Supreme Court cases, a proprietor's treatment of its floor (with a substance intended for the treatment of floors) was not negligent by the mere application of the substance. *See Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 92 N.E.2d 9 (1950); *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 633-634, 193 N.E. 401 (1934). However, the plaintiff

could have established a breach of the duty of ordinary care if there was some indication the substance was improperly applied. *See id.*

{¶38} Where the hazard is created by a negligent act of the defendant or the defendant's employees, the actual or constructive knowledge options to premises liability are irrelevant. *See Anaple*, 162 Ohio St. at 541 (whereas: if the defendant's act created the hazard but was not negligent or if a third person created the hazard, then actual or constructive knowledge are required). The case law establishes that if there is evidence the hazard *was the result of a negligent act of the defendant or his employee*, then the defendant is not entitled to judgment as a matter of law on the grounds that he lacked actual or constructive knowledge of the hazardous condition that ended up resulting from the prior negligent act.

{¶39} The ride was designed to be used by invitees in a haunted house, and it was used for the purpose constructed. An injury to a participant of such a ride was foreseeable in the absence of a reliable mechanism to keep the lid shut during movement and a design that would reasonably prevent that mechanism from failing. The defendant had a "full" duty to exercise ordinary and reasonable care for the protection of its invitees entering the premises. *Perry*, 53 Ohio St.2d at 52-53. One aspect of that duty was to refrain from injuring a visitor as a result of the defendant's own negligent activities. *Id.* In designing and constructing the ride for use of its invitees, the defendant was required to exercise the degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *See, e.g., Huston*, 52 Ohio St.3d at 217.

{¶40} The affidavit submitted by the township stated that a loose bolt caught on the lid as the coffin was being released; that inspections were conducted between rides; and that no defects were discovered prior to the plaintiff's accident. The township's affidavit made no mention of design and construction of this ride. The affidavit submitted by plaintiff in response pointed out the township designed the ride and constructed the ride. This case is not merely about a failure to notice a loose bolt between rides. The township through its employee designed and constructed a swinging coffin ride for haunted house participants to ride. In designing and

constructing the ride to be used by its invitees, the township had the obligation to use ordinary care in those initial stages of design and construction, not merely in the operation of the ride later. Whether reasonable care was exercised in the design and construction of the swinging coffin ride remains a question of material fact.

**{¶41}** In response to the request for summary judgment, the plaintiff submitted the affidavit of a safety consultant who personally inspected the ride. He provided some factual observations about the ride's design and construction: ungraded eye bolts were used instead of graded eye bolts; and the release mechanism traveled across the eye bolt which secured the coffin lid. As to the initial observation, the safety consultant opined that graded eye bolts were needed for load bearing usage and it was foreseeable the use of ungraded eye bolts could lead to a failure such as the one occurring here. He also expressed it was foreseeable, from the designed path of travel, that the release mechanism could catch the eye bolt which secured the door, loosen that bolt, and cause the lid to open.

**{¶42}** The affidavit raises a genuine issue of material fact as to whether the ride was properly designed and constructed, an issue the township seems to avoid. The affidavit outlined two perceived flaws in the ride's design and construction. Contrary to the township's suggestion, the affidavit was not an improper attempt to create a legal duty where none existed (merely because it used the word "negligent" after describing the designed travel path and the use of ungraded eye bolts). *See* Evid.R. 704 (testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact).

**{¶43}** The plaintiff did not merely respond with an assertion that the ride failed and thus there must have been negligence. Rather, it appears she provided some evidence from which a reasonable person could conclude the design created an unreasonable risk of harm to invitees. The failure of a hazard to manifest itself earlier does not necessarily mean a ride was designed and constructed with ordinary care.

**{¶44}** In sum, this court finds the township failed to establish it was entitled to judgment as a matter of law on the topic of whether there was negligence in the

design and/or construction of the ride. We must view the evidence and all reasonable inferences in the light most favorable to the plaintiff as the non-movant. *See, e.g., Jackson*, 117 Ohio St.3d 328 at ¶ 11. Doubts must be resolved in favor of the non-movant. *Leibreich*, 67 Ohio St.3d at 269. It appears reasonable minds could differ as to whether the defendant exercised ordinary care in designing and building this swinging coffin ride for the use of its invitees. This assignment of error is overruled, and the trial court's decision, denying the township's motion for summary judgment, is affirmed.


Waite, J., concurs.

DeGenaro, J., concurs.