[Cite as *Spence v. Baird Brothers Saw Mill, Inc.*, 2017-Ohio-8161.]


STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| MICHAEL SPENCE, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | CASE NO. 16 MA 0117 |
| VS. | ) | |
| | ) | OPINION |
| BAIRD BROTHERS SAW MILL, INC. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 2014 CV 02351

JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiffs-Appellants          Attorney Scott Cochran
                                   19 East Front Street, Suite 1
                                   Youngstown, Ohio 44503


For Defendants-Appellees           Attorney Jack Baker
                                   Attorney Mel Lute, Jr.
                                   400 South Main Street
                                   North Canton, Ohio 44720

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb


                                   Dated: October 2, 2017

DeGENARO, J.

{¶1} Plaintiffs-Appellants, Michael Spence and his wife, appeal the trial court's grant of summary judgment in favor of Defendants-Appellees, Baird Brothers Saw Mill, Inc. For the reasons below, the judgment of the trial court is affirmed.

{¶2} The facts in this case are gleaned from Spence's deposition testimony. Spence, a self-employed construction contractor, was picking up doors and other materials from Baird's warehouse in February. As Spence had visited Baird to purchase merchandise before, he knew the overhead door was mechanically operated, and moved vertically from top to bottom.

{¶3} Spence parked his truck in front of a closed 16-foot industrial door and entered the warehouse through a man door. Baird's employee asked Spence to activate the button to open the overhead door as the employee carried the first door for Spence; both men walked through the large, 16-foot overhead industrial door to load the merchandise into Spence's truck. Spence indicated he was going to move materials around his truck to make room for the second door. The Baird employee walked back inside the warehouse to retrieve the second door for Spence. Due to the cold February weather, the employee activated the button to close the overhead industrial door. Instead of moving items around in his truck, Spence followed the employee back into the building while the overhead door was closing; Spence was struck on the top of the head forcing him to the floor.

{¶4} Spence and his wife filed a personal injury complaint against Baird, which Baird answered. Baird filed a motion for summary judgment that Spence opposed, and the trial court later granted the motion.

{¶5} Spence's sole assignment of error asserts:

The trial Court erred in granting summary judgment as issues of material fact exist as to whether the condition which caused Appellant's injuries was open and obvious.

{¶6} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan*

*v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. Summary judgment is proper if the court, viewing the evidence in a light most favorable to the opposing party, determines there are no genuine issues as to any material facts; the movant is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion which is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

{¶7} The elements of a negligence claim are duty, breach of duty, causation, and damages. *Anderson v. St. Francis–St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996). This case turns on duty and breach of said duty. The open and obvious doctrine defeats the duty element. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, syllabus.

{¶8} Both parties correctly acknowledge that Spence was Baird's business invitee. Spence contends that material issues of fact exist as to whether the overhead door which struck him was an open and obvious condition.

{¶9} *Kobasko v. Jo's Dairy Dream, L.L.C.*, 7th Dist. No. 13 BE 0035, 2015-Ohio-496, discussed the application of the doctrine to business invitees:

> Generally, a premises owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Id.*; *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 202 N.E.2d 81 (1973).

> But a business owner does not owe invitees a duty to warn of dangers that are open and obvious. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, ¶ 5. "Where a

danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Id.* at the syllabus. That is because the owner may reasonably expect those entering the property to discover the dangers and take appropriate measures to protect themselves. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.2d 642, 644, 597 N.E.2d 504 (1992).

\*     \*     \*

We are to look objectively at whether a particular danger is open and obvious, without regard to the injured plaintiff. *Hissong v. Miller*, 186 Ohio App.3d 345, 2010–Ohio–961, 927 N.E.2d 1161, ¶ 10 (2d Dist.). As such, the open-and-obvious test " 'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.' " *Id.*, quoting *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003–Ohio–2573, 788 N.E.2d 1088, ¶ 13. A plaintiff's failure to look where he is walking is not necessarily dispositive of whether a danger is open and obvious. *Id.* at 12, 788 N.E.2d 1088. But if the plaintiff admits that had he looked down he would have noticed the danger, then the danger is open and obvious. *Id.*

Whether a particular danger is open and obvious is very fact specific and, therefore, comparing the facts of this case to other cases is of limited value. *Kidder v. Kroger*, 2d Dist. No. 20405, 2004–Ohio–4261, ¶ 11.

*Kobasko*, ¶ 12-16.

{¶10} This Court recently decided against finding a genuine issue of material fact on the basis of the open and obvious doctrine:

Any hazard posed by the door here was open and obvious. Sanders'

deposition testimony establishes that, while standing close to the door, with an unobstructed view of it, she grabbed the door with her left hand and pulled it open across her right toe, injuring it. Sanders described the door as a regular commercial door for a restaurant and admitted it did not stick. Indeed, the store manager, Hernandez inspected the door and found nothing wrong or unusual about the door's operation; he said it was opening and closing smoothly and properly, typical for a commercial door. There was no evidence of prior incidents or work orders to repair a defect in the door.

*Sanders v. Golden Corral Corp.*, 7th Dist. No. 14 MA 0143, 2016-Ohio-3225, ¶ 16.

**{¶11}** Applying the rationale of *Kobasko* and *Sanders* to the facts of this case, any hazard posed by the overhead door was open and obvious.

**{¶12}** Spence's deposition testimony establishes that he understood the workings of the large overhead door. He observed it closed and activated the button to open the door in order for Baird's employee to carry merchandise out of the warehouse and through the door to place it in Spence's truck. There was no evidence that the door was malfunctioning, of any prior incidents, or work orders to repair a defect in the door. The overhead industrial door operated as it was intended to do, and reasonable minds can only reach one conclusion, that the door's operation was open and obvious.

**{¶13}** Spence argues that the trial court incorrectly found that there was no evidence that he could hear the operation of the overhead door. Spence is correct in this assertion. Spence testified at his deposition that he did not hear the door close because there was a loud diesel truck nearby. Spence contends that the sounds from the diesel truck were an attendant circumstance that would have precluded a reasonable individual from hearing the operation of the door. He argues that the Baird employee pushing the button to close the overhead door also qualifies as an attendant circumstance.

**{¶14}** "Attendant circumstances may affect the applicability of the open and

obvious doctrine." *Hill v Mullins*, 2d. Dist. No. 27127, 2017-Ohio-1302, ¶ 16. The term is not precisely defined but has been held to include any distraction that would come to the attention of a person in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. *Id.* (internal citations omitted). However, "attendant circumstances do not include regularly encountered, ordinary, or common circumstances." *Id.* ¶ 17.

**{¶15}** Neither of Spence's contentions rise to the level of attendant circumstances that would reduce the degree of care an ordinary person would exercise at the time of entering through the large overhead door. Noise coming from a truck is an ordinary or common circumstance one might expect to encounter when visiting a warehouse to pick up large items used in construction, as is closing a large overhead door on a cold, winter day. As such, these factual contentions do not constitute material facts that would preclude summary judgment.

**{¶16}** It was Spence's duty to observe and be aware that the overhead industrial door was closing. The door operated as it was intended to do, and reasonable minds can only reach one conclusion, that the door's operation was open and obvious. Accordingly, summary judgment was warranted and the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, P. J., concurs.